IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RICHARD DEWAYNE PRATER,           :
                                  :
        Plaintiff,                :         CIVIL ACTION NO.  5:11-cv-172
                                  :
v.                                :
                                  :
METROPOLITAN LIFE                 :
INSURANCE COMPANY,                :
                                  :
        Defendant.                :
_____    :

## COMPLAINT

COMES NOW, Plaintiff in the above-styled action, RICHARD DEWAYNE PRATER,

(hereinafter "Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974

(ERISA), 29 U.S.C. §§1001 et seq., shows this Court the following:

1.

Plaintiff is an individual residing at 1704 Tucker Road, Perry, Houston County, Georgia

31069.

2.

Plaintiff is a plan participant as defined by ERISA, and brings this action pursuant to 29

U.S.C. §1132(a)(1)(B) to recover benefits due to him under the terms of his plan.

3.

Defendant, Metropolitan Life Insurance Company (hereinafter "Defendant"), is a

corporation organized and existing pursuant to the laws of the State of New York.  Defendant at

all times relevant to this Complaint maintains offices and conducts business in the State of

Georgia.  Service of process may be perfected upon Defendant's registered agent, CT

Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia  30361.

4.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1132(e)(1).

5.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

6.

Plaintiff was employed as a Network Technician with Windstream Corporation, which

provided a Long-Term Disability (LTD) Insurance Plan insured by Defendant's Policy No.

120501 (hereinafter "the Plan").  At all relevant times hereto, Windstream Corporation, was an

employer engaged in commerce; therefore, the Plan is governed by ERISA pursuant to 29 U.S.C.

§1003(a).

7.

At all relevant times during the course of his employment with Windstream Corporation,

Plaintiff was a participant in the Plan and is, therefore, eligible for benefits from the same.

8.

Plaintiff's "disability" commenced on or about August 30, 2007, and he filed a timely

claim with Defendant.  Pursuant to the terms of the Plan, he was ineligible to receive benefits

until the expiration of his "elimination period."  The "elimination period" was 180 days.

9.

Plaintiff provided Defendant with medical documentation that showed he was "disabled"

under the terms of the Plan due to a myriad of medical conditions including, but not limited to,

cervical-lumbar radiculopathy, degenerative disc disease with radiculopathy, and occipital

neuralgia with chronic headaches.

10.

Defendant initially approved Plaintiff's LTD claim and paid him benefits beginning February 27, 2008.

11.

However, on February 27, 2010, Defendant terminated Plaintiff's benefits based on the Plan's 24-month "neuromusculoskeletal and soft tissue disorder" limitation.

12.

Plaintiff appealed Defendant's decision and responded to its contentions by submitting additional evidence demonstrating that the "neuromusculoskeletal and soft tissue disorder" limitation does not apply and he continues to be "disabled" under the terms of the Plan. However, by letter dated January 11, 2011, Defendant indicated that this information did not change its previous decision and stated that Plaintiff had exhausted his administrative remedies.

13.

Defendant's failure to determine Plaintiff eligible for continued LTD benefits on the basis of his demonstrated disability was "arbitrary and capricious" and the result of its disregard of medical and vocational documentation showing that Plaintiff continues to be "disabled" under the terms of the Plan.

WHEREFORE, Plaintiff prays that this Court:

(a) Order Defendant to pay Plaintiff the amount of him full disability benefits accrued and unpaid to date;

(b) Order Defendant to pay Plaintiff him monthly disability benefit to which he is entitled from this point forward through the duration of the Plan;

(c) Award Plaintiff reasonable attorneys' fees, and cast all costs of this action against

Defendant;

(d) Order Defendant to pay Plaintiff interest on all monies due and owed;

(e) Deny Defendant any applicable offsets as equitable relief; and

(f) Provide Plaintiff such other and further relief that this Court may deem appropriate

under the circumstances.

RESPECTFULLY SUBMITTED, this 6th day of May, 2011.

WESTMORELAND, PATTERSON, MOSELEY
& HINSON, LLP
Attorneys for Plaintiff


s/BRADLEY G. PYLES
Georgia Bar No.: 590545

577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
(478) 745-1651

447577